State to use, &c., v. Hart et als.

*Garesché & Mead*, for appellant.

*Davis, Evans & Davis*, for respondent.

---

STATE TO USE OF DAVID STEWART, &c., Respondent, *v.* HENRY N. HART *et als.*, Appellants.

*Assignment—Interest—Judgment.*—In a suit against the securities upon the official bond of an assignee, the judgment against the securities should only authorize the collection of the damages assessed, with the legal rate of interest (six per centum) thereon—R. C. 1855, p. 890, § 3. The rate of interest in such cases is not fixed by contract.

*C. F. Burnes,* for appellants.

By § 32, ch. 8, R. C. 1855, it is provided that an assignee failing to make payment of funds belonging to his trust in his hands, after demand shall have been made therefor, shall pay interest thereon at the rate of twenty per cent. per annum. This constitutes a cause of action for which suit may be instituted, and if judgment be rendered against the assignee, it is provided by law that such judgment shall be for the amount of money which he ought to have paid over at the time of such demand, together with interest at the rate of twenty per centum per annum. But here the law and the power of the court cease. The penalty is embraced in the judgment, and constitutes a part of it. After judgment for the debt and the penalty, the power of the court is exhausted. The cause of action becomes merged into the judgment; and the judgment, like any other judgment for trespass or debt, must bear only the usual interest allowed by law—R. C. 1855, p. 890, § 3.

This is not a judgment upon a contract bearing any rate of interest; it must come under the head of "all other judgments," mentioned in the statute, being in the nature of a suit for penalty on statute.

*H. Hitchcock,* for respondents.

I. The "Act concerning voluntary assignments," and particularly § 32 thereof (R. C. 1855, p. 208), is to be so construed as to carry out the real intention of the Legislature, and is not to be so construed, under the idea that it is a penal statute and therefore to be construed strictly, as to defeat the wise, and just, and necessary purpose of its enactment.—U. S. v. Morris, 14 Pet. 464, per Story, J.; Schr. Industry, 1 Gall, 114, 117–18 ; 2 N. H. 105 ; 5 (Foster) id. 247 ; 3 N. H. 194 ; 12 id. 255 ; Sickles v. Sharp, 13 Johns. 498–9 ; 6 Cow. 290, 293 ; U. S. v. Winn, 3 Sumn. 209, 211, 212, per Story, J., cited Sedg. Stat. & Const. Law, 330 ; id. 331–33.

II. But the terms of the statute concerning assignments add to this debt, and to the contract under which it accrued, against the obligors in the bond, the rate of interest which (in case of any delay in payment whatever) it was to bear, viz., 20 per cent. per annum. The terms of this statute are, not that he shall be liable to a penalty of 20 per cent., but that "on every demand allowed and entitled to payment, he shall pay interest" at 20 per cent. per annum. Not damages, but interest is to be paid; and interest on a debt or demand— R. C. 1855, p. 208, § 32, & p. 980, § 3.

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon the official bond of an assignee, given under the statute concerning assignments, and it is brought against the principal and his sureties to recover damages for a breach of the condition of the obligation, which was that the assignee should faithfully perform his duties as such, and execute the trusts confided to him.

The question raised is, whether the judgment to be rendered in such case shall bear interest at the rate of twenty per cent. per annum, under the 32d section of that act—R. C. 1855, p. 208. The court below gave judgment for the amount of the demand allowed by the assignee in favor of the plaintiffs as creditors, and for the interest thereon up to the date of the judgment, separately, making the amount of the original demand bear twenty per cent., and the amount of the interest bear six per cent. interest thereafterwards. The defendants complain of this, and insist that the case does not come within the statute respecting interest to be allowed upon judgments upon contracts, whereon a higher rate of interest than six per cent., and not exceeding ten per cent., may be agreed upon between the parties; but that it comes within the provision that all other judgments shall bear interest at the rate of six per cent. only.

By the "Act concerning assignments" (§ 32), every demand allowed by the assignee is made to bear interest, as

against him, at the rate of twenty per cent. per annum, for all delay on his part in making payment of the demand after payment shall have been demanded. The demand allowed, that is, the debt, is to bear that higher rate of interest in favor of the creditor, and against the assignee, for all delay of payment by him after demand made. In one sense, it might be said that the demand was not altogether merged, but continued in the judgment, inasmuch as the demand allowed and the interest thereon might be the proper measure of the damages on the breach of the condition of the bond; that the judgment is only higher evidence of the debt; and that until the judgment is satisfied, the debt is not paid. It is true that the act gives no limitation of the time when this rate of interest is to cease, as against the assignee, short of actual payment; and that, as against him, the judgment ought to bear the same rate of interest as the demand itself, would seem to be entirely within the reason, policy and intent of the act, the manifest object of which is to secure and enforce the prompt payment of the debt. Doubtless, as against him, the statute is clear and express as to what interest he shall pay; and it could not have been the intent of the act to place him in a better condition after judgment than he was in before. As against the delinquent assignee, we see no good reason why a judgment against him for the debt should not also bear the higher rate of interest; and if an action had been brought against him alone, founded upon the debt as a liquidated demand, we are inclined to think the higher rate of interest might have been allowed upon the judgment.

But here, the suit is brought against him and his sureties on his official bond. It is a penal bond. The cause of action is founded upon a breach of the condition of the bond, and not directly upon the demand allowed. That condition was that the assignee should in all things discharge his duty as such, and faithfully execute the trust confided in him—R. C. 1855, p. 204, § 9. The breach alleged is, that he had failed to pay the demand allowed, with the interest given by the

statute against him after demand made, and that he had therein failed in the discharge of his duty and in the faithful execution of the trust. The securities in the bond engage to be answerable only for this failure of duty and this breach of trust. They were not bound to pay the original debt.

The same act provides (§ 14), that any person injured by a breach of the condition of the bond, may sue thereon in the name of the State to his use, and that the damages shall be assessed as on bonds with collateral conditions ; and by the act relating to such penal bonds, it is provided, that, in every such action, if the plaintiff recover, the verdict assessing the damages shall be entered on the record, and judgment shall be rendered for the penalty of the bond, and no more, as in other actions, and for the costs of suit, with a further judgment that the plaintiff have execution for the damages assessed, which damages shall be specified in the judgment—R. C. 1855, p. 1133, § 8. Here it is plain that the judgment is to be for the damages assessed ; and by the 9th section of the same act, the execution is to be in the usual form, and the sheriff is to levy the amount of the damages assessed, with interest thereon from the time of the assessment. And the provisions of this act are expressly extended to administrators, guardians, curators, and others who are required by law to give bond with condition for the performance of any duty or trust. There can be no doubt this is such a bond. The action sounds in damages. The demand allowed, and the interest due thereon from the assignee under the statute, and which he has failed to pay, may very well be taken as a measure of the damages to be assessed, on a breach of the bond ; but the judgment should be for the damages, and not for the original demand with the statute interest due thereon, which the assignee only. is bound to pay. The sureties, by the terms of the contract into which they enter, engage that the assignee shall perform his duty as such, and faithfully execute his trust; and that, if he do not, they will be responsible for all damages which any person shall suffer by reason thereof, and for that only.

The judgment being for damages, the amount thereof is to bear interest according to law, as in other like cases.

The rate of interest here is not fixed by any contract, and it is left to be determined by that general provision of the statute concerning interest, which declares that "all other judgments and orders for money shall bear six per cent. per annum until satisfaction is made"—R. C. 1855, p. 890, § 3.

The judgment below having ascertained the amount of the damages, and being erroneous only in respect of the rate of interest allowed thereon, the same will be reversed; and this court, proceeding to give such judgment here as ought to have been rendered in the court below, doth order and adjudge that the respondents recover against the appellants the sum of seven hundred and eighty-six dollars and forty cents 'for their damages, and that the same shall bear interest at the rate of six per cent. per annum from and after the sixth day of June, 1863, the date of the judgment below, and that the respondents have execution therefor. The other judges concur.